UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2012 OCT -4 P 12: 27

LEONARD BEST,
        Plaintiff,

        v.

PRISONER DISTRICT COURT

CASE NO. 3:11-cv-1656(RNC)

LT. A. SMITH, et al.,
        Defendants.

### INITIAL REVIEW ORDER

The plaintiff, a Connecticut inmate, brings this action
*pro se* under 42 U.S.C. § 1983 against Department of Correction
personnel.  Named as defendants are Lieutenant A. Smith,
Correctional Officers Hogan, Matuszczak and Johnson, and
John/Jane Does, all in their official and individual capacities.
The plaintiff seeks money damages as well as declaratory and
injunctive relief.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review a
prisoner's complaint against governmental actors and "dismiss ...
any portion of [a] complaint [that] is frivolous, malicious, or
fails to state a claim upon which relief may be granted," or that
"seeks monetary relief from a defendant who is immune from such
relief."  *Id.*   To withstand this required review, "a complaint
must contain sufficient factual matter, accepted as true, to
state a claim to relief that is plausible on its face.  A claim
has facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged."  *Ashcroft v.
Iqbal*, 556 U.S. 662, 678 (2009)(internal quotation marks and

citations omitted).  A complaint that includes only "'labels and conclusions,'. . . 'a formulaic recitation of the elements of a cause of action'. . . . [or] 'naked assertion[s]' devoid of 'further factual enhancement'" does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

To state a claim for relief under 42 U.S.C. § 1983, the plaintiff must allege facts showing that the defendant, a person acting under color of state law, deprived him of a federally protected right.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982).  Here, the complaint alleges that the defendants conspired to remove the plaintiff from his prison job and put him in administrative segregation by invading his privacy, falsifying documents and accusing him of conveying contraband into the prison facility.  The complaint identifies the defendants as Lieutenant A. Smith, Correction Officer Hogan/Intelligence, Correctional Officer Matuszczak/Phone Monitor and Correctional Officer Johnson/Disciplinary Report Investigator.

The first issue is whether the plaintiff has stated a claim for relief based on the loss of his job.  Generally, inmates have no constitutionally protected right to a prison job unless state law requires that they be provided with jobs or restricts the discretion of prison officials in assigning jobs.  *See Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987); *Santiago v. Comm'r of*

*Corr.*, 39 Conn. App. 674, 680 (1995) ("A prisoner has no property or liberty interest in prison employment."). There are no such allegations here. Therefore, to the extent the plaintiff's claims are based on the defendants' actions in removing him from his prison job and refusing to reinstate him, any such claims are dismissed as lacking an arguable legal basis. *See* 28 U.S.C. § 1915A(b)(1).

With regard to the plaintiff's invasion of privacy claim, although inmates do "retain certain fundamental rights of privacy," *Houchins v. KOED, Inc.*, 438 U.S. 1, 5 n. 2 (1978), these rights may be restricted in order to maintain institutional security and preserve internal order and discipline. *Bell v. Wolfish*, 441 U.S. 520, 546 (1979). The plaintiff alleges no specific facts regarding the alleged invasion of his privacy by the defendants. As such, the plaintiff has failed to allege a plausible claim of a violation of his privacy rights and this claim is dismissed without prejudice. *See* 28 U.S.C. § 1915A(b)(1).

With regard to the plaintiff's placement in segregation, it is possible that the plaintiff is attempting to state a claim for a violation of his right to procedural due process. To state such a claim, the plaintiff must allege facts showing that he had a constitutionally protected liberty interest and was deprived of that interest without being afforded due process of law. *See*

*Sandin v. Conner,* 515 U.S. 472 (1995).

A prisoner has a protected liberty interest in avoiding segregation only if a state statute or regulation mandates that a prisoner not be placed in segregation unless specified grounds exist for the placement, and the placement in segregation causes the plaintiff to suffer an atypical and significant hardship compared to ordinary prison life. *See Tellier v. Fields*, 280 F.3d 69, 80 (2d Cir. 2000); *Sealey v. Geitner*, 197 F.3d 578, 585 (2d Cir. 1999). Prisoners may have a liberty interest in being free from atypically harsh confinement in segregation for an extended period when the segregated confinement is based on a determination that the prisoner is a threat. *See Hewitt v. Helms*, 459 U.S. 460, 474 (1983).

In this case, the complaint may be liberally construed as alleging that the plaintiff was placed in segregation based on a determination that he was a threat. But there are no allegations concerning the conditions the plaintiff experienced in segregation, how those conditions compared to the conditions experienced by prisoners in general population, or the duration of the plaintiff's confinement in segregation.

In addition, the plaintiff does not allege that he was denied a fair hearing conforming to due process standards before being placed on segregation. This is significant because a prisoner falsely accused of conduct that may result in placement in segregated confinement does not suffer a violation of his

right to procedural due process if he receives a fair hearing. *See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986).*

**ORDERS**

Accordingly, it is hereby ordered:

(1) The claims based on the plaintiff's loss of his prison job are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The claims for violation of the plaintiff's rights to privacy and procedural due process are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

(2)  The plaintiff may file an amended complaint provided he can allege sufficient facts to state a claim for a violation of his rights to privacy and/or due process.  With regard to each defendant named in the amended complaint, the plaintiff must allege facts describing that defendant's involvement in the events underlying the claims.  To be timely, the amended complaint must be filed within forty-five days of the date of this order.

(3) The Pro Se Prisoner Litigation Office will send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit and a copy of the Ruling and Order to the plaintiff.

So ordered this 3rd day of October 2012.

_____/s/_____
Robert N. Chatigny
United States District Judge