```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

LEONARD BEST,                    :
                                 :
        Plaintiff,               :
                                 :
     v.                          :     CASE NO. 3:11-cv-1656(RNC)
                                 :
LT. ALLEN SMITH, ET AL.          :
                                 :
        Defendants.              :
```

RULING AND ORDER

Plaintiff Leonard Best, a Connecticut inmate, brings this action under 42 U.S.C. § 1983 against Correctional Lieutenant Allen Smith, Correctional Officers Jason Hogan, Rafal Matuszczak and Christopher Johnson, and Warden Jon Brighthaupt claiming violations of his rights to privacy and procedural due process.  Defendants have moved for summary judgment [ECF No. 21].  For the reasons that follow, the motion for summary judgment is granted.

I.  Background

The summary judgment record shows the following.  On or about February 16, 2011, the Department of Correction ("DOC") began an investigation into phone calls made by plaintiff.  Defs.' Rule 56(a)(1) Statement (ECF No. 21-2) ¶ 1.  Sometime thereafter, plaintiff was summoned to the Intelligence Unit's office at Cheshire where he met with Hogan and Smith.  Am. Compl. (ECF No. 7) ¶¶ 8-9.  They sought to get information from him about a "crooked" correctional officer, but he explained that he could not assist them.  Id. ¶¶ 10-14.

On August 23, 2011, plaintiff was issued a Class A ticket for conspiring to convey contraband within the correctional facility. Defs.' Rule 56(a)(1) Statement (ECF No. 21-2) ¶ 3.  He was placed in restrictive housing and interviewed by the intelligence team. Aff. of Rafal Matuszczak, Ex. A, Defs.' Mot. for Summ. J. (ECF No. 21-1) ¶ 13; Am. Compl. (ECF No. 7) ¶¶ 16, 23-28.  The next day, a hearing was held on the Class A ticket pursuant to Administrative Directive 9.5.  <u>See</u>  Aff. of Rafal Matuszczak, Ex. A, Defs.' Mot. for Summ. J. (ECF No. 21-1) ¶¶ 13-14; Defs.' Mot. for Summ. J. (ECF No. 21) ¶¶ 3, 5.[1]  At the hearing, plaintiff pleaded guilty to the alleged offense.  Defs.' Rule 56(a)(1) Statement (ECF No. 21-2) ¶ 5.  As a result, he received seven days in restrictive housing. <u>Id.</u> ¶ 6.

In connection with plaintiff's transfer to restrictive housing, he was subjected to a strip search that included a visual body cavity search.  <u>Id.</u> ¶ 7.  He claims that the search violated his right to privacy.  Am. Compl. (ECF No. 7) ¶ 49.  He further

---

[1] Administrative Directive 9.5 requires that an inmate receive a copy of the disciplinary report at least 24 hours prior to any hearing, ¶ 24, and that an inmate be allowed a minimum of 24 hours, from notice to hearing, to prepare a defense, ¶ 26.  It further requires that the hearing officer produce a disciplinary process report within 24 hours of the hearing that includes a summary of testimony, the finding, and the reasons.  ¶ 36. Finally, the Directive provides that the inmate may be allowed to question witnesses or to rebut evidence and information presented, ¶ 31(H), may be allowed to present witness testimony, ¶ 27, and shall be present at the hearing barring circumstances not alleged to have occurred in the present case, ¶ 31(B).

claims that his due process rights were violated because the Class A disciplinary charge was falsely issued by Smith, Hogan, Matuszczak and Johnson in an attempt to force him to provide information about his alleged co-conspirator.  Id. ¶ 46.  In addition, he challenges the loss of ten days of good time credit that resulted from the disciplinary charge.  Id. ¶ 51; ¶ 52 at 12.

Plaintiff wrote to Warden Brighthaupt to complain about the disciplinary report but he did not receive a response.  Id. ¶ 46.  He filed a level one inmate grievance about the false charge but Brighthaupt did not respond.  Id. ¶ 54.  His level two and level three appeals also went unanswered.  Id. ¶ 55.  He alleges that Brighthaupt's inaction constitutes a due process violation.  Id. ¶ 56.

II.  Legal Standard for Summary Judgment

Summary judgment may be granted when there is no "genuine issue as to any material fact" and, based on the undisputed facts, the movant is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  See D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998).  A genuine issue of fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In assessing the evidence, the court must review the record as a whole, credit all evidence favoring the nonmovant, give the nonmovant the benefit of all reasonable inferences, and disregard evidence favorable to the movant that a jury would not

have to believe.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000).  Conclusory allegations, conjecture, and speculation are insufficient to create a genuine issue of fact for trial.  Shannon v. N.Y.C. Transit Auth., 332 F.3d 95, 99 (2d Cir. 2003).

III.  Discussion

    Defendants argue that they are entitled to summary judgment because plaintiff has not presented evidence to support a finding that his rights were violated.  I agree.

    *A. Right to Privacy*

    Plaintiff claims that his right to privacy was violated when he was subjected to a strip search, including a visual body cavity search, in connection with his transfer to restrictive housing.  Construed broadly, the complaint alleges that the search was unreasonable.  However, plaintiff does not challenge Administrative Directive 6.7, pursuant to which the search was conducted.

    A strip search of an inmate, including a visual body cavity search, does not violate the constitution when it is conducted in a reasonable manner for a legitimate penological purpose.  See Covino v. Patrissi, 967 F.2d 73, 77-80 (2d Cir. 1992) (random visual body cavity searches conducted pursuant to established procedures were "reasonably related to legitimate penological interests" and not unreasonable; prisoner had a limited right to bodily privacy, but the regulation permitting such searches was reasonably related to legitimate penological interests – security and discipline – and

4

there were no alternatives that would allow the prisoner to exercise his limited bodily privacy rights while matching the effectiveness of the challenged searches); Miller v. Bailey, No. 05-CV-5493(CBA)(LB), 2008 WL 1787692, at *9 (E.D.N.Y. April 17, 2008)("several Courts have held that strip searches of prisoners in the presence of other inmates and staff is not constitutionally defective, especially in light of legitimate security concerns.") (collecting cases); Mathie v. Fries, 935 F. Supp. 1284, 1299 (E.D.N.Y. 1996) aff'd, 121 F.3d 808 (2d Cir. 1997) ("[A] prisoner may be subjected to strip searches and body cavity searches conducted in a reasonable manner.").

When, as here, a DOC inmate has pleaded guilty to conspiracy to convey contraband in a correctional facility, a strip search and visual body cavity search prior to his transfer to restrictive housing, conducted pursuant to DOC Administrative Directive 6.7, is reasonably related to a legitimate security concern and thus not unconstitutional. See, e.g., Powell v. Cusimano, 326 F. Supp. 2d 322, 336 (D. Conn. 2004) (rejecting argument that unnecessary number of persons present during search violated inmate's right to privacy and explaining: "[t]he Court finds that the DOC's Administrative Directive 6.7(5)(D) is reasonable on its face. Absent any challenge to the Directive from the plaintiff, the Court declines to undertake further analysis of the directive under the four prongs articulated in Turner [to determine the reasonableness of a prison regulation].").

*B. Right to Due Process*

Even though plaintiff pleaded guilty to the Class A ticket, which resulted in seven days in administrative segregation and the loss of ten days of good time credit, he now asserts that the charges against him were false and unsupported by evidence. Plaintiff's complaint does not appear to challenge the disciplinary hearing he received, nor does he name as a defendant anyone involved in the hearing.[2] Instead, he asserts that the defendants involved in the investigation against him issued a false disciplinary ticket to try to get information regarding alleged smuggling of contraband into the prison.

"[A] prison inmate has no constitutionally guaranteed immunity from being falsely accused of conduct which may result in the deprivation of a protected liberty interest.  The plaintiff, as all other prison inmates, has the right not to be deprived of a protected liberty interest without due process of law." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); see also Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) (explaining that "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report" and that "[t]here must be more," such as alleged retaliation).  Here, plaintiff does

---

[2] Plaintiff's opposition to the motion for summary judgment asserts that the hearing officers are "incorporated and included by proxy" because they conducted a hearing based on fabricated evidence; he alleges that his due process rights were violated because "all information was not fully heard, filtered and sorted to reveal the actual truth."  Pl.'s Opp'n (ECF No. 26) at 3.

6

not allege that the disciplinary ticket was issued in retaliation for the exercise of any constitutionally protected right. Compare Jones v. Coughlin, 45 F.3d 677, 679-80 (2d Cir. 1995) ("At the doctrinal level, we have held that a prisoner has a substantive due process right not to be subjected to false misconduct charges as retaliation for his exercise of a constitutional right such as petitioning the government for redress of his grievances, and that this right is distinct from the procedural due process claim at issue in Freeman.") with Garrido v. Coughlin, 716 F. Supp. 98, 101 (S.D.N.Y. 1989) (no substantive constitutional violation where complaint alleges that false disciplinary action arose out of a verbal confrontation, an isolated incident of personal enmity). "Thus, as long as the prison officials provided the inmate with procedural due process requirements . . . the filing of unfounded charges does not give rise to a per se constitutional violation actionable under section 1983." McEachin v. Selsky, 9:04-CV-0083 FJS/RFT, 2010 WL 3259975 (N.D.N.Y. Mar. 30, 2010) report and recommendation adopted, 9:04-CV-0083 FJS/RFT, 2010 WL 3259982 (N.D.N.Y. Aug. 17, 2010) (citing Franco v. Kelly, 854 F.2d 584, 587 (2d Cir. 1988)); see also Grillo v. Coughlin, 31 F.3d 53, 56 (2d Cir. 1994) (explaining that a fair hearing that comports with due process standards "cure[s] a constitutional violation otherwise resulting from a false accusation").

Pursuant to the Supreme Court's decision in Wolff v. McDonnell, 418 U.S. 539 (1974), due process requires that "[a]n

7

inmate charged with a violation must be given (1) advance written notice of the charges at least 24 hours before the hearing; (2) the opportunity to appear at the hearing, to call witnesses, and to present rebuttal evidence; and (3) a written statement by the factfinders as to the evidence relied on for their decision, and the reasons for the prison committee's action." Freeman, 808 F.2d at 953. Plaintiff offers no evidence that the minimum requirements prescribed by Wolff were not met, nor does he appear to dispute defendants' assertion that the disciplinary hearing was conducted in accordance with Administrative Directive 9.5.[3] Accordingly, plaintiff's claim that his rights were violated by the filing of a false disciplinary ticket, to which he ultimately pleaded guilty, is unavailing. See also Coleman v. Sutton, 530 F. Supp. 2d 451, 453 (W.D.N.Y. 2008) aff'd, 355 F. App'x 566 (2d Cir. 2009)("[E]ven viewing the record in the light most favorable to plaintiff, the undisputed facts establish that defendants are entitled to summary

---

[3] The only allegation in the complaint that the process did not comply with Administrative Directive 9.5 is plaintiff's assertion that he was not served with a copy of the disciplinary report within 24 hours of the defendants' discovery of the alleged misconduct as required by Administrative Directive 9.5 ¶ 21. See Am. Compl. (ECF No. 7) ¶ 43. This is not one of requirements for a disciplinary hearing under Wolff, however. Moreover, although, as plaintiff asserts, he was not given a copy of his disciplinary report within 24 hours of the initiation of the investigation against him, defendants assert and plaintiff does not appear to dispute that the investigation ended on August 23, 2011, and he was given a copy of the disciplinary report within 24 hours of the close of the investigation. See Aff. of Rafal Matuszczak, Ex. A, Defs.' Mot. for Summ. J. (ECF No. 21-1) ¶¶ 10-11, 13.

judgment.  For one thing, plaintiff pleaded guilty to the charge[s] in the misbehavior report filed against him . . . .  That alone defeats any claim based on the issuance of the report.").[4]

   *C. Claims against Warden Brighthaupt*

Warden Brighthaupt is entitled to summary judgment as to the claims against him related to his alleged failure to respond to plaintiff's complaint and remedy the alleged wrongs.  As described above, plaintiff's constitutional rights were not violated.  Therefore, Brighthaupt is not liable for any deprivation of constitutional rights based on his alleged failure to remedy wrongdoing.

IV. Conclusion

Accordingly, the motion for summary judgment [**ECF No. 21**] is hereby granted.  The Clerk may close the case.

So ordered this 24th day of September 2014.


```
                    _____/s/_____
                         Robert N. Chatigny
                     United States District Judge
```

---

[4] Further, to the extent plaintiff seeks to challenge the disciplinary process that resulted in the loss of ten days of good time credits, such a challenge is not cognizable under § 1983.  "Where a successful section 1983 action by a plaintiff 'necessarily implies the invalidity of the deprivation of his good-time credits, the cause of action is not cognizable under § 1983."  Jamison v. Dee, 99 CIV. 5854 (SHS), 2000 WL 502871 (S.D.N.Y. Apr. 27, 2000) aff'd, 4 F. App'x 81 (2d Cir. 2001)(citing Edwards v. Balisok, 520 U.S. 641 (1997)).  In such circumstances, "the prisoner may not maintain an action under § 1983 unless he has shown that the sanction . . . ha[s] been overturned through administrative channels or by a state or federal court."  Peralta v. Vasquez, 467 F.3d 98, 100 (2d Cir. 2006).  Plaintiff has not made that showing.